UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| REBECCA HAWKINS<br>1365 Maryland Avenue SW<br>Canton, OH 44710<br><br>and<br><br>JESSICA CRISS<br>2971 Brouse Street NW<br>Uniontown, OH 44685<br><br>    Plaintiffs,<br><br>    vs.<br><br>ACCURATE NURSING SERVICES, INC.<br>c/o Statutory Agent Jade Strum<br>6725 Promway Ave NW<br>N. Canton, OH 44720<br><br>and<br><br>JADE MUNTEAN A/K/A JADE STRUM<br>c/o Accurate Nursing Services, Inc.<br>4150 Belden Village Ste LL08<br>Canton, OH 44718<br><br>    Defendants. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFFS' COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now come Plaintiffs Rebecca Hawkins and Jessica Criss, by and through counsel, and for their Complaint against Accurate Nursing Services, Inc., and Jade Muntean a/k/a Jade Strum (collectively "Defendants"), state and allege the following:

## INTRODUCTION

1. Plaintiffs bring this lawsuit as a result of Defendants' failure to pay Plaintiffs overtime compensation at the rate of one and one-half times their regular rate of pay for the hours

they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff Hawkins was a citizen of the United States, and a resident of Stark County, Ohio.

6. At all times relevant herein, Plaintiff Criss was a citizen of the United States, and a resident of Stark County, Ohio.

7. At times relevant herein, Defendants maintained their principal places of business in Stark County, Ohio.

8. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

12. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS
**(Failure to Pay Overtime Compensation)**

13. Plaintiff Rebecca Hawkins was employed by Defendants between June 25, 2016 and March 7, 2018.

14. Plaintiff Hawkins is a Licensed Practical Nurse ("LPN").

15. Plaintiff Jessica Criss was employed by Defendants between August 2016 and October 2017.

16. Plaintiff Criss is a state tested nurse aide ("STNA").

**(Failure to Pay Overtime Compensation)**

17. Upon information and belief, Plaintiffs were employed by Defendants as non-exempt employees under the FLSA.

18. Plaintiffs were paid on an hourly wage.

19. Plaintiffs regularly worked over 40 hours per week.

20. Rather than paying overtime compensation, Defendants paid Plaintiffs straight time for the hours they worked over 40 each workweek.

21. Defendants had knowledge that Plaintiffs worked more than 40 hours per week as Defendants set Plaintiffs' schedules/appointments each week and processed payroll.

22. Defendants knowingly and willfully failed to pay Plaintiffs overtime compensation at the rate of one and one-half times their regular rate for the overtime hours they worked.

**(Failure to Pay Minimum Wages)**

23. Defendants knowingly and willfully failed to pay Plaintiff Hawkins her final paycheck.

24. Plaintiff estimates that she worked 80 in those workweeks.

25. Defendants knowingly and willfully failed to Plaintiff Hawkins minimum wages in those workweeks.

## COUNT ONE
**(Fair Labor Standards Act Overtime Violations)**

26. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

27. Defendants' practice and policy of not paying Plaintiffs overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

28. Defendants' failure to pay Plaintiff Hawkins the applicable minimum wage for all of the hours she worked each workweek violated the FLSA, 29 U.S.C. § 206.

29. By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

30. As a result of Defendants' practices and policies, Plaintiffs have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Ohio Minimum Fair Wage Standards Act Violations)

31. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

32. Defendants' practice and policy of not paying Plaintiffs overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, O.R.C. §§ 4111.03 and 4111.10.

33. Defendants' failure to pay Plaintiff Hawkins the applicable minimum wage for all of the hours she worked each workweek violated the OMFWSA, O.R.C. § 4111.14.

34. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

35. As a result of Defendants' practices, Plaintiffs have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court find Defendants jointly and severally liable, and:

 A. Award Plaintiffs actual damages for unpaid overtime compensation;

 B. Award Plaintiff Hawkins actual damages for unpaid minimum wages;

 C. Award Plaintiffs liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiffs under the FLSA;

 D. Award Plaintiff Hawkins liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff Hawkins under the OMFWSA;

E. Award Plaintiffs pre- and post-judgment interest at the statutory rate;

F. Award Plaintiffs attorneys' fees, costs, and disbursements; and

G. Award Plaintiffs further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiffs

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

/s/ Lori M. Griffin
One of the Attorneys for Plaintiffs