## JOINT STIPULATION OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division (the "District Court"), Plaintiffs Rebecca Hawkins and Jessica Criss ("Plaintiffs") and Defendants Accurate Nursing Services, Inc. and Jade Muntean a/k/a Jade Strum (collectively, the "Parties") hereby agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Rebecca Hawkins and Jessica Criss v. Accurate Nursing Services, Inc. and Jade Muntean a/k/a Jade Strum* Case No. 5:19-cv-1572.

2. "Plaintiffs" shall mean Rebecca Hawkins and Jessica Criss.

3. "Plaintiff's Counsel" shall mean The Lazzaro Law Firm, LLC.

4. "Defendants" shall mean Accurate Nursing Services, Inc. and Jade Muntean a/k/a Jade Strum.

5. "Parties" shall mean Plaintiffs and Defendants, and "Party" shall mean any one of the Parties.

6. Release Period" for Plaintiffs shall mean the period of three years prior to the date the Action was filed through and including the date on which the Court gives approval of the Settlement.

7. "Final" shall mean the date the District Court has approved the Settlement.

8. "Settlement" shall mean his Joint Stipulation of Settlement and Release.

## RECITALS

9. On July 10, 2019, Plaintiffs Rebecca Hawkins and Jessica Criss filed this action alleging that Defendants failed to pay them overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

10. Defendants deny any liability or wrongdoing of any kind. The Parties agree that a bona fide dispute exists regarding Plaintiffs' claims, including whether Plaintiffs were independent contractors, the number of hours Plaintiffs worked, and whether Plaintiffs were entitled to overtime compensation.

11.     On January 22, 2020, the Parties reached a binding agreement to settle the Action on the terms set forth in this Settlement after extensive good faith bargaining and the assistance of the Court.

12.     Plaintiffs' counsel represents that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of Plaintiffs' claims against Defendants, including reviewing relevant documents, calculating Plaintiffs' damages, and researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiffs' Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, and Defendants' defenses. *See* Exhibit 2.

13.     This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendants that Plaintiffs' claims in the Action have merit or that Defendants have any liability to Plaintiffs on those claims.

## SETTLEMENT PAYMENTS

14.     **Total Settlement Amount:** Defendants will pay in connection with the Settlement a Total Settlement Amount of Twelve Thousand Dollars ($12,000.00) which sum will cover: (a) the Individual Payments to Plaintiffs; and (b) Plaintiffs' Counsel's attorneys' fees and expenses.

15.     **Payments to Plaintiffs:** Five Thousand Five Hundred Eighty-Six Dollars and Sixty Cents ($5,586.60) will be paid to Plaintiff Rebecca Hawkins and One Thousand Two Hundred Thirteen Dollars and Forty Cents ($1,213.40) will be paid to Plaintiff Jessica Criss.

16.     **Treatment of Individual Payments:** The Individual Payments to Plaintiffs will be treated as payments in settlement of wage claims and shall be subject to the withholding of all applicable federal, state and local taxes. Defendants will determine the proper tax withholding amounts in accordance with Plaintiffs' previously elected wage withholding instructions. Defendants are responsible for payment of the employer's share of payroll taxes as required by law. Defendants will issue to Plaintiffs IRS Forms W-2 with respect to the Individual Payments that the District Court approves.

17.     **Plaintiffs' Counsel's Attorneys' Fees and Expenses:** Five Thousand Two Hundred of the Total Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses ($4,800.00 in fees and $400 in expenses) incurred in the Action. Defendants will issue to Plaintiffs' Counsel a Form 1099-Misc. with respect to the attorneys' fees and expenses.

18.     **Distribution Process:** Defendants will mail the Individual Payments and Plaintiffs' Counsel's attorneys' fees and expenses to Plaintiffs' Counsel's office within ten (10) days after the Court enters an order approving this Settlement and dismissing the Action with prejudice. Defendants will issue separate checks to Plaintiffs and Plaintiffs' Counsel.

## RELEASE OF CLAIMS

19. **Released Claims:** Plaintiffs will release Defendants from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, whether known or unknown, pursuant to the FLSA and Ohio Minimum Fair Wage Standards Act, for the Released Period.

20. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses that will be paid to Plaintiffs' Counsel, unless there is a breach of this Agreement or a need to file a motion or other documents to enforce this Settlement. In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to ant further attorneys' fees and expenses in connection with the Action, unless there is a breach of this Agreement.

21. The entry of final judgment in the Action shall release all claims set forth in this entire Section of the Settlement.

## APPROVAL AND DISMISSAL OF THE ACTION

22. **Cooperation:** The Parties will agree to cooperate and take all steps necessary and appropriate to obtain final approval of the Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

23. **Fair, Adequate, and Reasonable Settlement:** The Parties will agree that the Settlement is fair, adequate, and reasonable, and will so represent to the District Court.

24. **Joint Motion for Approval of Settlement:** On or before February 21, 2020, the Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit 3 to the Parties' Joint Motion for Approval of Settlement, granting final approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action with Prejudice.

25. **Dismissal of the Action With Prejudice:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice and final judgment shall be entered.

## PARTIES AUTHORITY

26. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and find the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

27. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents

and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

28.     The Parties represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

29.     Nothing contained in the Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants.

## CONSTRUCTION

30.     The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

31.     This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the District Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

32.     This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action.

## BINDING ON ASSIGNS

33.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

34.     This Settlement may be executed in counterparts and may be signed electronically via PDF.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.  Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

35.     If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

36.     The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement.

## EXECUTION BY THE PARTIES

_____          _____
Plaintiff Rebecca Hawkins                       Defendant Accurate Nursing Services, Inc.

Date: _____                   By: _____
                                                Its: _____

                                                Date: _____


_____          _____
Plaintiff Jessica Criss                         Defendant Jade Muntean a/k/a Jade Strum

Date: _____                   Date: _____

5