# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA HAWKINS, et al., | ) | CASE NO. 5:19-cv-1572 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| ACCURATE NURSING SERVICES, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Now before the Court is the parties' Joint Motion for Approval of Settlement and Dismissal of the Action. (Doc. No. 21 ["Joint Motion"].) Because the Court finds that the settlement represents a fair resolution of plaintiffs' claims, the Joint Motion is granted and the settlement is approved.

## I. BACKGROUND

According to the complaint, between June 25, 2016 and March 7, 2018, plaintiff Rebecca Hawkins ("Hawkins") was employed by defendants as a Licensed Practical Nurse ("LPN"). (Doc. No. 1 (Complaint ["Compl."]) ¶¶ 13, 14.) Plaintiff Jessica Criss ("Criss") was employed by defendants as a state tested nurse aide ("STNA") from August 2016 to October 2017. (*Id*. ¶¶ 15, 16.) Plaintiffs allege that defendants failed to pay them overtime, instead electing to pay straight time for the hours they worked over 40 each workweek. (*Id*. ¶¶ 18–20.) In failing to pay overtime, plaintiffs maintain that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio

Rev. Code §§ 4111.03 and 4111.10. Hawkins also claims that defendants failed to pay her final paycheck. (Compl. ¶¶ 23–25.) Defendants deny that they violated the FLSA or Ohio law, insisting that plaintiffs were paid for all compensable work at the legal rate, and that at all times relevant to the present dispute, plaintiffs were independent contractors rather than employees. (*See generally* Doc. No. 7 (Answer).)

The parties have reached a settlement that resolves all of plaintiffs' claims. (Doc. No. 21-1 (Joint Stipulation of Settlement and Release ["Joint Settlement"].) On February 19, 2020, the parties filed the present Joint Motion.

II. **APPLICABLE LAW**

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc*., 679 F.2d at 1533. The second exception, applicable here,

encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id.*

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, & Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The Joint Motion confirms the same. As set forth above, the parties disagree as to whether plaintiffs were properly compensated for any and all overtime

worked, and whether plaintiffs were independent contractors, and, therefore, not entitled to the claimed compensation.

Having reviewed the terms of the Joint Settlement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion.

With respect to the monetary awards to plaintiffs, the Court notes that the payments represent substantially all unpaid overtime alleged by plaintiffs.[1] As for the award of attorney's fees to plaintiffs' counsel, the Court finds that the award is reasonable, taking into consideration the fact that a settlement was reached early in the litigation and the successful outcome provides complete relief to plaintiffs. While the Court is not in a position to assess the likelihood of success on the merits, as the case was still in the early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

### IV. CONCLUSION

For all of the foregoing reasons, the Court approves the settlement. The claims in plaintiffs' complaint are dismissed with prejudice, and this case is closed.

**IT IS SO ORDERED**.

Dated: March 3, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] In fact, plaintiffs' counsel represents that by the terms of the Joint Settlement, plaintiffs will recover 107% of their unpaid overtime compensation according to plaintiffs' counsel's calculations for the three-year statute of limitations period. (Doc. No. 21-2 (Declaration of Lori M. Griffin ["Griffin Decl."]) ¶ 20.)